FILED
SUPERIOR COURT
OF GUAM

2025 FEB 19 PM 4: 22

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| CHE CHIN HONG,<br><br>Plaintiff,<br><br>vs.<br><br>SUNG HEE HONG,<br><br>Defendant<br><br>and<br><br>SAIRA PROPERTIES, LLC,<br><br>Intervenor, | CIVIL CASE NO. <u>CV0600-23</u><br><br>**DECISION AND ORDER GRANTING<br>MOTION FOR SUMMARY JUDGMENT** |

The Court reviews Intervenor Saria Properties, LLC's Motion for Summary Judgment, seeking a ruling on its status as a bona fide purchaser. Having found no genuine issues of material fact relative to such status, the Court GRANTS the motion.

## I. PROCEDURAL BACKGROUND

Plaintiff Che Chin Hong ("Sammi") initiated this action against Defendant Sung Hee Hong ("Connie"), seeking specific performance and other claims relative to breaches involving "Settlement Agreement 1" and "Settlement Agreement 2." *See generally* Compl. (Oct. 17, 2023). He also sought a reconveyance of property known as the "Dededo Warehouse" back to Base Corporation, which Sammi founded. *Id.* Saira Properties intervened and sought to extinguish a lis pendens placed upon the Dededo Warehouse, of which it claims to be a bona fide purchaser. Saira Properties LLC's Prop. Answer in Intervention (Apr. 24, 2024). Saira Properties moved to extinguish this lis pendens, however, the Court deferred action on the

ORIGINAL

motion until presented with a dispositive motion. Order Deferring Dec. Mot. Extinguish Lis Pendens (Aug. 13, 2024). In the meantime, the Court issued a Scheduling Order and Discovery Plan, allowing the parties to engage in discovery through November 2024. CVR 16.1 Form 2 (June 18, 2024); CVR 16.1 Form 3 (June 18, 2024).

Saira Properties now moves for summary judgment, arguing that it is a bona fide purchaser and that Sammi consented to a sale of the property at issue in Settlement Agreement 2. Mot. Summ. J. at 1 (Sept. 9, 2024). In support, Saira Properties provided copies of recorded documents such as the Memorandum of Purchase and Sale Agreement between Saira Properties and Connie and a Warranty Deed, and referenced a Declaration by Saira Properties' authorized representative. Decl. Leevin T. Camacho (Sept. 9, 2024); Intervenor Saira Props. Statement of Undisputed Material Facts (Sept. 9, 2024); Decl. Raj Kumar Parangusam (Apr. 9, 2024). Sammi opposes the motion, claiming there are genuine questions concerning the consideration paid by Saira Properties. Pl. Che Chin Hong's Opp'n (Oct. 7, 2024). Sammi did not submit any declarations or documents in support of his Opposition. In addition, Connie filed a Response to the Motion, seeking a ruling that Sammi cannot pursue specific performance under Settlement Agreement 1. Resp. Intervenor's Mot. Summ. J. (Oct. 7, 2024).

The Court heard the motion on December 5, 2024, and took it under advisement.

## II.  UNDISPUTED FACTS

The following facts are undisputed based on the pleadings and declarations presented to the Court.

1. In 2019, Sammi and Connie entered into Settlement Agreement 1. Compl., ¶ 7. '

2. In May 2022, Connie and Saira Properties entered into an agreement to purchase Lot No. 5242-2-2NEW, Dededo, Guam, aka Dededo Warehouse. Decl. Raj Kumar

ORIGINAL

Parangusam ¶ 6.

3. The Purchase and Sale Agreement indicated that the sale would not be finalized without Sammi releasing a Lis Pendens on the Dededo Warehouse. Decl. Raj Kumar Parangusam ¶ 7.

4. Sammi and Connie entered into Settlement Agreement 2 on March 31, 2023, to settle *Hong v. Hong,* CV0965-20, and which required Sammi to release the Lis Pendens. Compl. ¶ 19.

5. On April 7, 2023, Sammi released the Lis Pendens on the Dededo Warehouse. Decl. Leevin T. Camacho, Ex. B at 2.

6. On or about April 25, 2023, Saira Properties provided $6 million in consideration for purchasing the Dededo Warehouse as agreed upon and reflected in the Purchase and Sale Agreement. *Id.*, Ex. D at 1.

7. On April 26, 2023, a Warranty Deed whereby Connie conveyed the Dededo Warehouse to Saira Properties was recorded at the Department of Land Management. *Id.*, Ex. C at 1-2.

8. On October 17, 2023, Sammi filed the current case, CV0600-23, and placed another Lis Pendens on the Dededo Warehouse. Not. Pendency Action at 1 (Oct. 17, 2023).

## III.    <u>LAW AND DISCUSSION</u>

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). A movant may cite materials in the record, such as declarations and documents, to show the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support a fact. GRCP 56(c)(1). When confronted with a summary judgment motion,

ORIGINAL

an adverse party may not simply deny the allegations "but is obligated to set forth specific facts showing there is a genuine issue for trial." *Estate of Cruz v. Detry Corporation*, 2023 Guam 14 ¶ 24.[1] Upon reviewing the submitted evidence, the Court must draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

The question before the Court is whether there is a genuine issue of material fact that Saira Properties is a bona fide purchaser of the Dededo Warehouse. A bona fide purchaser must acquire title through payment of value, in good faith, and without actual or constructive knowledge of another's rights. *See Pelowski v. Taitano*, 2000 Guam 34 ¶ 34.

Sammi contends that there are questions regarding the consideration provided by Saira Properties, as the Purchase and Sale Agreement has not been produced. In response, Saira Properties states there is no evidence that it acted in bad faith during the transaction, and that its position that it paid $6 million is unrebutted. Saira Properties also argues that if Sammi is alleging that Saira Properties engaged in fraud regarding the sale of the Dededo Warehouse, he should have raised this in his Complaint. Hr'g (Dec. 5, 2024). Further, Saira Properties states that Sammi should have reviewed the Purchase and Sale Agreement prior to signing Settlement 2 if he had questions as to the consideration paid. Opp'n Mot. Summ. J. at 4.

The Court turns to the record to determine if there is a genuine dispute of any material fact as to the value of the consideration paid by Saira Properties to Connie for the sale of the Dededo Warehouse. Saira Properties has provided the Court with a Memorandum of Purchase and Sale Agreement, a Warranty Deed, an Affidavit of True Consideration, and a declaration

---

[1] *Estate of Cruz* outlines a procedure under Rule 56 that a party must follow to request a continuance of a summary judgment motion pending additional discovery. 2023 Guam 14 ¶¶ 26-29. Sammi did not submit any such request, though he claimed more discovery is needed.

ORIGINAL

from Saira Properties, all stating that Saira Properties purchased the Dededo Warehouse from Connie for $6 million. These documents are either recorded and notarized or made under penalty of perjury. The Court finds these facts establish that the purchase price of the Dededo Warehouse was $6 million.

In turn, under Guam Rule of Civil Procedure 56, Sammi had the burden to provide evidence showing that the value of the consideration provided by Saira Properties is genuinely disputed or that Saira Properties is otherwise not a bona fide purchaser. Sammi has not met this burden. Sammi questions the contents of the Purchase and Sale Agreement, but has not produced it despite having opportunities to review it prior to signing Settlement Agreement 2,[2] and even to acquire it in this case, in which discovery has been open since June 2024 and remained open for another month after Sammi filed his Opposition to the Motion for Summary Judgment. Sammi also makes no indication that further discovery would provide evidence that genuinely disputes that Saira Properties tendered consideration. As such, there is no genuine dispute over the material fact that Saira Properties bought the Dededo Warehouse from Connie for $6 million.

Additionally, the Court considers the fact that Sammi has conceded that remedies or damages cannot be granted under Settlement Agreement 1. Pl.'s Opp'n to Def.'s Mot. Dismiss at 2 (Nov. 15, 2024). Under Settlement Agreement 1, Connie was to deed the Dededo Warehouse back to Base Corporation. However, under Settlement Agreement 2, Connie was to sell the

---

[2] Settlement Agreement 2 states: "CONNIE will sell the Dededo Warehouse to The Saira Properties, LLC, pursuant to the terms and conditions set forth in the Purchase Agreement referred to in that certain 'Memorandum of Purchase and Sale Agreement' recorded at the Department of Land Management, Government of Guam on June 2, 2022 under Instrument No. 974852." Compl., Ex. C at 3.

ORIGINAL

Dededo Warehouse to Saira Properties. Beyond the lack of genuine dispute of material facts, the Court cannot provide Sammi's requested relief of returning ownership of the Dededo Warehouse to Base Corporation because the terms of Settlement Agreement 1 no longer govern. The Court determines that Sammi's own acknowledgment of the release of Settlement Agreement 1 further supports granting the Motion for Summary Judgment.

Accordingly, the Court finds the sale between Connie and Saira Properties was properly conducted, Saira Properties is a bona fide purchaser, and Sammi has no claim superior to Saira Properties' interest.[3]

## IV.   **CONCLUSION AND ORDER**

The Court GRANTS summary judgment in favor of Saira Properties, finding it to be a bona fide purchaser. A Partial Judgment will be issued, upon which Sammi will be ordered to extinguish the lis pendens.

**SO ORDERED, 19 February 2025.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Plaintiff Che Chin Hong
Joaquin C. Arriola, Jr., Esq., Arriola Law Firm, for Defendant Sung Hee Hong
Leevin T. Camacho, Esq., Camacho & Taitano LLP, for Intervenor Saira Properties LLC

---

[3] Sammi's allegation that Connie failed to pay other encumbrances with the proceeds of this sale does not involve Saira Properties and cannot divest it of its bona fide purchaser status.

ORIGINAL